In Re: Harchelroad Trucking Co., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent; Gateway Trucking, Inc., Dan Gaich Trucking, Inc. et al., Intervenors.

Argued May 11, 1979, before Judges BLATT, DISALLE and MacPHAIL, sitting as a panel of three.

*Christian V. Graf,* with him *Jerome Solomon,* for petitioner.

*R. Knickerbocker Smith, Jr.,* Assistant Counsel, with him *John G. Alford,* Deputy Chief Counsel, and *George M. Kashi,* Chief Counsel, for respondent.

*George H. Hoffman,* with him *William A. Gray; Wick, Vuono & Lavelle;* and *Edward Goldberg,* for intervenors.

OPINION BY JUDGE DISALLE, October 18, 1979:

We are asked to decide the propriety of an order of the Public Utility Commission (PUC), dated August 16, 1977, ordering Harchelroad Trucking Company (Harchelroad) to cease and desist from transporting iron and steel articles in intrastate commerce. Harchelroad's certificate of public convenience authorizes it to transport, among other things, "mill equipment, supplies and materials." Presumably operating under that authority, the company, between May 22, 1973, and February 12, 1974, transported a number of iron and steel articles, including steel billets, steel coil, wrought steel pipe, steel bars and sheet steel. On May 13, 1974, the PUC, on its own motion, instituted a complaint against Harchelroad, charging that it had no authority to carry such commodities and that by doing so, it had violaed Sections 1101 and 1102 of the Public Utility Code, 66 Pa. C.S. §§1101 and 1102. Following several hearings held in Pittsburgh, the PUC, in its order nisi, declared that the iron and steel articles were not "mill equipment, supplies and materials" and ordered Harchelroad to discontinue their transportation. That order was stayed pending disposition of Harchelroad's appeal to this court.

We have now been informed by counsel that the PUC, on June 28, 1979, amended Harchelroad's certificate of convenience to permit it to transport the very items that are the subject of this dispute, and that no appeal has been taken from the PUC's order. Since the effect of that amendment is to supersede the cease and desist order, the case is now moot and no purpose would be served by reaching the merits of the instant appeal.

Accordingly, we shall dismiss the appeal as moot.

ORDER

AND Now, this 18th day of October, 1979, the appeal in the above-captioned matter is hereby dismissed.